IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BLAKE L.C.,**

    **Plaintiff,**

    v.

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

Civil Action 2:23-cv-2914

Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on the Commissioner's Motion to Dismiss Untimely Complaint, or Alternatively, Motion for Summary Judgment. (ECF No. 6, as supplemented by ECF No. 9). For the following reasons, the Commissioner's Motion is **GRANTED** and this case is **DISMISSED with prejudice**.

**I.    BACKGROUND**

Plaintiff, proceeding through counsel, seeks judicial review of the final decision of the Commissioner of Social Security that she is not entitled to Social Security Disability benefits. (ECF No. 1). On February 7, 2021, Plaintiff protectively applied for such benefits under the Social Security Act ("Act"). (*See* ECF No. 9-1 at 8.) On August 3, 2022, an Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's claim for benefits. (*Id.* at 3, ¶ 3(a).) Plaintiff then requested review of the ALJ's decision. (*Id.*). Thereafter, on July 5, 2023, the Appeals Council issued a notice denying Plaintiff's request for review of the ALJ's decision. (*Id.* at 31-37.) The notice informed Plaintiff of her right to appeal by filing a civil action in district court within 60 days. (*Id.*). More specifically, the notice stated:

> **Time to File a Civil Action**
>
> • You have 60 days to file a civil action (ask for court review).
>
> • The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
>
> • If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

(*Id.* at 32-33.)

The Appeals Council mailed the denial notice to Plaintiff and sent a copy to her counsel. (ECF No. 9-1 at 3, ⁋ 3(a).)  As of October 6, 2023, the Social Security Administration was not aware of any request for an extension of time to file a civil action in this case as specified in the Appeals Council's notice, and in 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210.  (*Id.* at ⁋ 3(b).)

Plaintiff has not alleged in her Complaint or otherwise informed the Court that she requested additional time from the Appeals Council or that she received the Notice more than five days after July 5, 2023.  Accordingly, the Commissioner moved to dismiss Plaintiff's Complaint as time-barred.  ( ECF No. 6).

The Commissioner served the Motion on Plaintiff's counsel, but Plaintiff did not respond. (ECF No. 1.)  Thus, on November 29, 2023, the Court issued a Show Cause Order noting Plaintiff's failure to respond to Defendant's dispositive motion and stating:

> Plaintiff is **ORDERED TO SHOW CAUSE WITHIN FOURTEEN (14) DAYS** why the motion to dismiss or alternatively, motion for summary judgment should not be construed as unopposed and granted for the reasons stated in the motion.

(ECF No. 7.)  Again, Plaintiff did not respond.[1]

Because the Commissioner has submitted matters outside the pleadings, the Court will treat the motion as one for summary judgment.

**II. DISCUSSION**

The Commissioner argues that Plaintiff missed her deadline to bring this case, and, therefore, this case should be dismissed.  (*See generally* ECF No. 6).  Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides the exclusive method of obtaining review of a final decision of the Agency.  *See* 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided....").  The first sentence of 42 U.S.C. § 405(g) provides the time limit for commencing a civil action.  It provides as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).  The Supreme Court has noted that the 60-day statute of limitations provided by Congress serves to "move millions of cases to speedy resolution in a bureaucracy that processes millions of cases annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986).

Further, the Sixth Circuit has made clear that strict adherence to this filing requirement is necessary to ensure the efficient disposition of Social Security appeals.  *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 436 (6th Cir. 2007).  Indeed, in *Cook*, the Sixth Circuit held that a one-

---

[1] Plaintiff also remained silent following the Court's recent Order directing the Commissioner to file inadvertently omitted exhibits.  (ECF No. 8.)  Indeed, no filings have been made on Plaintiff's behalf in the roughly four months this matter has been pending since the filing of the Complaint.

day delay was fatal to the plaintiff's claim. "Although allowing Cook to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system." *Id.*; *see also Marthey v. Comm'r of Soc. Sec.*, No. 12-CV-2759, 2013 WL 5563724 (N.D. Ohio Oct. 8, 2013) (dismissing social security complaint that was one day late); *Winkelman v. Comm'r of Soc. Sec. Admin. A*, No. 11-CV-1926, 2012 WL 1684602 (N.D. Ohio April 24, 2012) (same).

Here, Plaintiff missed her deadline by three days. "Although § 405(g) uses the word 'mailing,' the regulations clarify that the 60-day period begins five days after the date of the denial notice." *Cook*, 480 F.3d at 436. Stated more directly, a claimant has 65 days to appeal. Thus, Plaintiff needed to file her case by September 8, 2023, because the Notice was dated July 5, 2023. Plaintiff filed her case on September 11, 2023, three days too late. (*See generally* ECF No. 1.)

Finally, there are no facts before the Court demonstrating that Plaintiff had good cause for missing her deadline. *See* 20 C.F.R. §§ 404.911(b), 416.1411(b). Indeed, as noted above, Plaintiff has made no effort to explain her delay to this Court and appears to have abandoned her claim. (*See* ECF No. 7.) Accordingly, "there is no genuine dispute as to any material fact and the [Commissioner] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

**IV. CONCLUSION**

For these reasons, Defendant's Motion to Dismiss Untimely Complaint, or Alternatively, Motion for Summary Judgment (ECF No. 6 as supplemented by ECF No. 9) is **GRANTED** and the Complaint is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

Date:  January 11, 2024                           */s/ Elizabeth A. Preston Deavers*
                                                  **ELIZABETH A. PRESTON DEAVERS**
                                                  **UNITED STATES MAGISTRATE JUDGE**